**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**TRIAND MCCOY**                                                                                      **PLAINTIFF**

**VS.**                               **CIVIL ACTION NO.** 5:19-cv-64-DCB-MTP

**STEPHEN GUIDO,
ADAMS COUNTY SHERIFF TRAVIS PATTEN,
individually and in his official capacity,
MISSISSIPPI DRILLING, INC.,
AND JOHN DOES 1-10**                                         **DEFENDANTS**

COMPLAINT
THE PLAINTIFF DEMANDS A TRIAL BY JURY

COMES NOW, the Plaintiff in the above styled and numbered civil action, who by and through counsel of record, J. Matthew Eichelberger, file this Complaint against the above-styled Defendants. In support of the same, the Plaintiff states, avers and gives notice of the following:

**PARTIES**

1. Triand "Tron" McCoy, the Plaintiff, is an adult resident citizen of Concordia Parish, Louisiana.

2. Defendant Stephen Guido is an adult resident citizen of Adams County, Mississippi, and may be served with process at 305 Clifton Ave, Natchez, Mississippi 39120. He is an Adams County Sheriff's Department reserve deputy.

3. Defendant Adams County Sheriff Travis Patten is the duly-elected sheriff of Adams County, Mississippi. Individually, Sheriff Patten may be served at his office, located at 306 State St, Natchez, MS 39120. In his official capacity he is a policy maker for Adams County, which is a political subdivision of the State of Mississippi, and may be served with process by effecting the

1

same upon the Chancery Clerk for Adams County, Mississippi, Ms. Brandi Lewis at 115 S Wall St., Natchez, Mississippi 39120.

4. Defendant Mississippi Drilling, Inc. is a Mississippi corporation with a principal office address of 150-A Providence Rd., Natchez, Mississippi 39120. It may be served with process through its registered agent, Robert R. Punches, at 319 Market St., Natchez, Mississippi. 39120.

5. Defendants John Doe 1-10 are people, organizations, political subdivisions, corporations, LLCs, partnerships, or other collections of individuals whose identities are unknown to the Plaintiff at this time. Upon information and belief, these Defendants provided Defendant Guido with the weapons, body armor, communication devices, and other items Guido used in the perpetration of the torts set forth herein or otherwise participated in the events and matters described herein. The identity of these Defendants will be discovered through the course of this action, and this Complaint will be timely amended to add these responsible parties by name pursuant to the Federal Rules of Civil Procedure.

6. When the word "Defendants" is used herein, it is meant to refer to all real and fictitious Defendants mentioned in the style of this Complaint.

## STATEMENT OF FACTS

7. On the morning of February 1, 2019, Tron McCoy dropped his young son off at school in Natchez, Mississippi, and then parked his truck in a public parking space in the 300 block of North Broadway Street in Natchez, as was his custom. Mr. McCoy is a single father and the sole caregiver for his disabled mother, and Mr. McCoy used these brief moments alone each morning to relax, reflect, and gather his thoughts for a moment before starting his work day as the investigator for the District Attorney for the 7th Judicial District Court of Louisiana.

8.     That same morning, Defendant Stephen Guido was a reserve deputy for the Adams County's Sheriff's Department. Guido's primary responsibility for the Sheriff's Department was to fly the helicopter he donated to the Department and to operate a flying drone for the Department. Guido also worked generally with the Adams County Sheriff's Department.

9.     A dispute exists as to whether Guido was on duty on the morning of February 1, 2019. Defendant Guido claims he was on duty and acting specifically at the direct command of his co-defendant, Adams County Sheriff Travis Patten. Defendant Patten denies that Guido was on duty, or that he directed Guido to perform the actions giving rise to this Complaint.

10.    That morning, Guido was driving an SUV entrusted to him by Defendant Mississippi Drilling, Inc., of which Guido is the President. After Mr. McCoy parked, Guido steered the Mississippi Drilling SUV down North Broadway Street and abruptly parked diagonally in front of Mr. McCoy, prohibiting Mr. McCoy from driving forward. Guido had instructed another deputy to pull behind Mr. McCoy so that he would be trapped.

11.    Guido, dressed in body armor with "SHERIFF" emblazoned across the chest and armed with a Bushmaster AR15-style assault rifle, a .45 caliber handgun, and an X26 model TASER, then jumped out of the SUV and aimed the assault rifle at Mr. McCoy, as seen in this screenshot from Adams County Sheriff's Deputy Ricco Carter's body camera footage of the assault[1]:

---

[1] The full body camera video of Deputy Ricco Carter would be attached hereto as Exhibit 1, but it contains personal identifying information and is therefore being held by counsel so as not to violate the Court's privacy rules regarding personal information. It is however being served alongside this Complaint to all parties.



12. Guido screamed and cursed at Mr. McCoy, threatening that he would shoot Mr. McCoy if he moved and demanding that Mr. McCoy identify himself.

13. Other deputies with the Adams County Sheriff's Department then arrived on Broadway Street and slowly approached Guido and Mr. McCoy. Guido eventually lowered his assault rifle, but then armed himself with his TASER.

14. While holding his TASER at the ready, Guido continued to yell and curse at Mr. McCoy, demanding to know what he was doing parked in a public space on North Broadway. Guido is a white male, while Mr. McCoy is African-American.

15. This assaultive action was without any reasonable justification and was not in keeping with any use of force protocol adopted by the Adams County Sheriff's Department or any other law enforcement agency in the United States.

16. After the incident, Mr. McCoy met with Defendant Patten, who adamantly denied sending Guido to perform this action. Sheriff Patten stated to Mr. McCoy that Guido was

"completely in the wrong" and that there was "no doubt in (Patten's) mind about" Guido being in the wrong. Sheriff Patten told Mr. McCoy that he had immediately stripped Guido of all law enforcement duties upon review of the body camera videos of this incident.[2] This turned out to be false, as Defendant Guido continues to work as a reserve deputy for Defendant Patten.

17. Upon information and belief, this is not the first time Guido has assaulted and threatened a member of the public with death or serious bodily harm. In April of 2016, and again while driving a privately-owned vehicle, Guido pulled alongside another vehicle and pointed a firearm at the driver of the other vehicle. Guido then chased the other driver from Natchez across the Mississippi River, where Vidalia Police Department officers diffused the situation and made Guido leave. Furthermore, upon information and belief, Defendant Guido has harassed other members of the public while in uniform, has consumed alcohol while on duty, and used racially-insensitive language when communicating with others.

18. Since the incident, Mr. McCoy has suffered from and is being treated for an increase in symptoms of post-traumatic stress disorder, and has been placed on leave from his job as the investigator for the District Attorney for the 7th Judicial District as a result. Mr. McCoy has suffered physical manifestations of the mental anguish inflicted upon him, including but not limited to loss of sleep, loss of appetite, and an intermittently racing heart rate that is unresponsive to medication.

19. On April 1, 2019, Mr. McCoy filed a state court action against Defendant Guido and John Does 1-10. Defendant Guido answered, and limited written discovery has since taken

---

[2] The video of the conversation between Defendant Patten and Mr. McCoy would be attached hereto as Exhibit 2, but it contains personal identifying information and is therefore being held by counsel so as not to violate the Court's privacy rules regarding personal information. It is however being served alongside this Complaint to all parties.

place. In light of the discovery responses, Mr. McCoy now elects to file this suit against these named defendants and add the appropriate federal claims.

## JURISDICTION AND VENUE

20.	The Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States. The Court also has supplemental jurisdiction of Mr. McCoy's state law claims pursuant to 28 U.S.C. § 1367(a), as the claims are so related to the claims arising under federal law that they form part of the same case or controversy under Article III of the United States Constitution.

21.	Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that all Defendants reside in this judicial district and a substantial part of the events and omissions giving rise to this claim occurred in this district.

## COUNT I

### *VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS (42 U.S.C. §1983)*

22.	On or about February 1, 2019, Defendant Guido, under color of state law as an Adams County deputy sheriff, subjected Mr. McCoy to, or caused Mr. McCoy to be subjected to, the deprivation of his Fourth Amendment right under the United States Constitution to be free from unreasonable seizures of his person and the use of excessive force. Defendant Patten, in his individual and official capacity, ordered Defendant Guido to take the actions that deprived Mr. McCoy of his Fourth Amendment right under the United States Constitution to be free from unreasonable seizures of his person and the use of excessive force.

23.	Upon information and belief, Defendant Guido was deliberately acting in accordance with a pattern, practice, or custom that was created, encouraged, directed, promoted, accepted, condoned, or permitted by codefendant Adams County Sheriff Travis Patten, of using

excessive force during the interactions with the public, including: pointing and aiming deadly weapons at them, demanding that they identify themselves while being held at gunpoint, and otherwise using the display of firearms to inflict fear of imminent, great bodily harm against innocent citizens.

24. Upon information and belief, the Defendant Guido were also deliberately acting in accordance with a pattern, practice, or custom that was created, encouraged, directed, promoted, accepted, condoned, or permitted by codefendant Adams County Sheriff Travis Patten, of switching off or failing to wear/use in-vehicle or body-worn video cameras during unlawful activities. Defendant Guido was not wearing a body camera at the time of the assault.

25. As a direct and proximate result of the assault, Mr. McCoy suffered an increase in symptoms of post-traumatic stress disorder, and has been placed on leave from his job as the investigator for the District Attorney for the 7th Judicial District as a result. Mr. McCoy has suffered physical manifestations of the mental anguish inflicted upon him, including but not limited to loss of sleep, loss of appetite, and an intermittently racing heart rate that is unresponsive to medication. Mr. McCoy has incurred and continues to incur cost for medical care, and he will require future care in an amount that cannot be pled with specificity at this time. He also stands to lose his job as a result of the psychological injuries he suffered at the hands of the Defendants, which would lead to a substantial amount of damages in lost wages, health insurance benefits, and retirement benefits.

26. The conduct of these Defendants was intentional, outrageous, and demonstrated evil motive and a reckless or callous indifference to Mr. McCoy's rights, and thus entitles Mr. McCoy to punitive damages.

27. To the extent Mr. McCoy prevails in the instant case, he is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT II

### *ASSAULT*

28. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the preceding paragraphs.

29. As described herein, Defendant Guido intentionally placed Mr. McCoy in immediate apprehension of harmful contact by pointing an assault rifle at Mr. McCoy, threatening to kill him. According to Defendant Guido, his codefendant, Sheriff Patten, instructed him to do so.

30. Defendant Guido intended to put Mr. McCoy in fear of imminent death, and he was successful in creating such fear. Mr. McCoy was aware that Guido had the deadly weapon aimed at him, and that Guido could immediately kill Mr. McCoy by simply pulling the trigger.

31. Guido's actions as set forth herein constitute the intentional tort of assault, were conducted at the direction of Defendant Sheriff Patten, and Mr. McCoy has suffered damages as a result. For those reasons, Guido and Patten should be held liable for the tort of assault and a money judgment should be entered against them for compensatory and punitive damages.

## COUNT III

### *FALSE IMPRISONMENT*

32. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

33. As set forth above, Guido detained Mr. McCoy at gunpoint. Guido had no lawful basis for the detention. Further, the detention was objectively unreasonable, even subsequently described by Adams County Sheriff Travis Patten as making him "sick to his stomach."

34. Guido's actions as set forth herein constitute the intentional tort of false imprisonment, and Mr. McCoy has suffered damages as a result. For those reasons, Guido should be held liable for the tort of false imprisonment and a money judgment should be entered against him for compensatory and punitive damages.

## COUNT IV

### *NEGLIGENT HIRING, RETENTION AND FAILURE TO DISCIPLINE OR TAKE NECESSARY CORRECTIVE ACTION*

35. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

36. Upon information and belief, Defendant Guido was working for Mississippi Drilling, Inc. and/or one or more John Doe Defendants on the morning of February 1, 2019. These Defendants were vested with the authority to hire, fire, transfer and discipline their employees.

37. As set forth above, Guido had a known history of intentionally and without justification pointing a firearm at people, instilling in them imminent fear of great bodily harm or death. Despite the existence of this type of behavior, Mississippi Drilling, Inc. and/or one or more John Doe Defendants continued to employ Guido and did not deter him from such behavior or discipline him for the same. As a result, Mississippi Drilling, Inc. and/or one or more John Doe Defendants are liable to Mr. McCoy for the damages requested herein.

## COUNT V

### *NEGLIGENT ENTRUSTMENT*

38. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

39. The SUV used by Defendant Guido in perpetrating the torts against Mr. McCoy belonged to Defendant Mississippi Drilling, Inc. The principals of Mississippi Drilling, Inc. knew or should have known that Guido would utilize this vehicle in a manner involving an unreasonable risk of harm to other persons, given Guido's penchant for "cowboy" pseudo-law enforcement activities as outlined herein.

40. Upon information and belief, the other items used by Defendant Guido in harming Mr. McCoy as set forth herein (i.e., the assault rifle, police body armor, holsters, handgun, ammunition, taser, telephone, etc.) belonged to one or more John Doe Defendants. Further, these John Doe Defendants supplied Guido with these items. These John Doe Defendants knew or should have known that Guido would utilize these items in a manner involving an unreasonable risk of harm to other persons, given Guido's penchant for "cowboy" pseudo-law enforcement activities as outlined herein.

41. Guido in fact used the items supplied by Defendant Mississippi Drilling, Inc. and the John Doe Defendants to inflict the harm outlined herein upon Mr. McCoy. As a result, these Defendants are liable to Mr. McCoy for the damages requested herein.

## COUNT VI

### *NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTION DISTRESS*

42. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

43. The Defendants' conduct as outlined herein was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

44. As a direct and proximate consequence of the outrageous conduct of the Defendants, the Defendants are jointly and severally liable to the Plaintiff for the negligent and intentional infliction of emotional distress and mental anguish inflicted on the Plaintiff. At all times material to this Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and well-being of Mr. McCoy, and he is entitled to a money judgment against the Defendants for compensatory and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon the filing of this Complaint that this Honorable Court will set this matter for a full and complete trial by jury on the merits and upon completion of the same, enter a judgment granting damages for the following:

   a. Permanent emotional injury;
   b. Pain and suffering;
   c. Economic damages;
   d. Punitive damages;
   e. Loss of enjoyment of life;
   f. Past, present and future emotional distress and mental anguish;
   g. Past, present, and future medical expenses;
   h. Court costs;
   i. Pre- and post-judgment interest;

    j.    Attorney's fees;

    k.    Any and all out of pocket expenses;

    l.    All other damages of every kind to the Plaintiff to which they are entitled by law; and

    m.    All damages shown by the evidence introduced in this case, including compensatory damages and punitive damages to deter Defendants from exhibiting, conducting and continuing to use such actions in the future.

Respectfully submitted, this the 23rd day of July, 2019.

                By:    TRIAND McCOY

                /s/ *J. Matthew Eichelberger*
                J. Matthew Eichelberger, MS Bar No. 101060

Counsel for the Plaintiff:

Mr. J. Matthew Eichelberger, MSB #101060
Mrs. Jennie A. Eichelberger, MSB #102522
The Eichelberger Law Firm, PLLC
308 E Pearl St, Ste 201
Jackson, MS 39201
Telephone: 601-292-7940
matt@ike-law.com
jennie@ike-law.com