## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**TRIAND MCCOY**                                                                                    **PLAINTIFF**

**V.**                                                              **CAUSE NO. 5:19-CV-64-CWR-JCG**

**STEPHEN GUIDO, ET AL.**                                                              **DEFENDANTS**

### ORDER

Before the Court is Stephen Guido's motion for judgment on the pleadings or, in the alternative, motion for summary judgment. Docket No. 19. Although some discovery has been taken, the Court does not rely on it and construes the motion as one under Rule 12(c).

The motion is due to be granted for two reasons. First, the only Fourth Amendment theory that states a claim is the one concerning the *Terry* stop; the excessive force allegation cannot proceed because no force was alleged to have been used. And second, that claim fails because Triand McCoy's response brief has not pointed to clearly established law showing the unconstitutionality of Guido's conduct. *See Jamison v. McClendon*, No. 3:16-CV-595-CWR-LRA, 2020 WL 4497723, at *23 (S.D. Miss. Aug. 4, 2020).

> It does not matter, as the Fifth Circuit has explained, that we are morally outraged, or the fact that our collective conscience is shocked by the alleged conduct . . . because it does not mean necessarily that the officials should have realized that the conduct violated a constitutional right. Even evidence that the officer acted in bad faith is now considered irrelevant.

*Id.* at *13 (quotation marks, citations, and brackets omitted).

The motion is granted. The Court will schedule a telephonic status conference to discuss the future of this case.

**SO ORDERED**, this the 30th day of September, 2020.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE